UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        No. 3:07-cr-00039-RLY-CSW
                                     )
BRADLEY E. MCCOLLOM,                 )  -01
                                     )
                Defendant.           )

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR STAY
PENDING APPEAL**

On May 13, 2008, Defendant Bradley E. McCollom was sentenced to three counts

of distribution, receipt, and possession of sexually explicit material involving minors in

violation of 18 U.S.C. § 2252.  He was sentenced on June 30, 2008, to 120 months of

imprisonment in the United States Bureau of Prisons followed by a lifetime of supervised

release.  (Dkt. 21).

Since his release from imprisonment, Defendant has violated his terms of

supervised release three separate times.  Each violation caused a new judgment of

conviction to be issued, setting forth a new set of supervised release conditions.  (Dkts.

49, 90 & 114).  Relevant here are the conditions ordered on August 16, 2024.  (Dkt. 114).

On March 5, 2025, and August 12, 2025, Defendant filed *pro se* petitions to

modify the conditions of his supervised release.  (Dkts. 116, 118).  The court appointed

Defendant CJA counsel, who filed a Motion to Correct and/or Modify the Terms of

Supervised Release ("Amended Motion to Modify") on Defendant's behalf.  (Dkt. 123).

1

In his Amended Motion to Modify, Defendant requested the following modifications of his Conditions of Supervision: (1) to allow contact with his alleged wife, Kimberly Tempel/Kimberly McCollom[1] ("Kimberly"); (2) to remove the condition of substance abuse testing in Paragraph 15; (3) to possibly remove the condition of periodic polygraph testing in Paragraph 16; (4) clarification of the prohibition regarding contact with minors in Paragraph 17; and (5) clarification of Paragraph 19 regarding places he can and cannot enter where minors may be present.  (Dkt. 123 at 4; Dkt. 114 at ECF p. 4).

On December 16, 2025, the court held an evidentiary hearing pursuant to Federal Rule of Criminal Procedure 32.1(c), where Probation Officer Andrea Rushing and Kimberly offered witness testimony and exhibits were introduced.  (Dkt. 126-1).

On February 23, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendant's Amended Motion to Modify be **GRANTED IN PART** and **DENIED IN PART** (Dkt. 140).  The Magistrate Judge recommended that the Amended Motion to Modify be **GRANTED** (1) to remove the condition regarding substance abuse testing in Paragraph 15, and (2) to clarify the places Defendant can and cannot enter in Paragraph 19 by **AMENDING** the paragraph to read:

> You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18. You may go to a retail store or complex for legitimate shopping purposes. You may go to a Christmas light display or an ornament shop. You may not be in a store that is designed for children less than eighteen (18) years old, for example toy stores or children's clothing stores.

---

[1] Defendant and Kimberly claim to be lawfully married, although there is evidence which strongly suggests Defendant is Kimberly's biological father.  (*See*, *e.g.*, Dkt. 140 at 5–7).

(Dkt. 140 at 8, 18; Dkt. 126 at 2).  The Magistrate Judge also recommended that the Amended Motion to Modify be **DENIED** (1) to the extent Defendant seeks permission to contact Kimberly; (2) to the extent Defendant seeks to modify the condition regarding periodic polygraph testing in Paragraph 16; and (3) to the extent Defendant seeks to modify the conditions regarding contact with minors in Paragraph 17.  (Dkt. 140 at 17–18).  And the Magistrate Judge recommended that the court **DENY AS MOOT** Defendant's *pro se* Motion to Correct Terms of Supervised Release (Dkt. 116)  and Defendant's *Pro Se* Motion to Modify Conditions of Supervised Release (Dkt. 118). Lastly, she recommended that the court **ENTER** amended Conditions of Supervised Release in accordance with those recommendations.  (Dkt. 140 at 18).

On March 2, 2026, Defendant filed a Motion for Leave to File *Pro Se* Objections. (Dkts. 141).  Three days later, Defendant's counsel timely filed an Objection to the Magistrate Judge's R&R.  (Dkts. 143).  Defendant's Objection (filed by his counsel) primarily concerns the Magistrate Judge's assessment of the evidence regarding his relationship with Kimberly and the Magistrate Judge's finding that Kimberly's failure to appear for a court-ordered paternity test compromised her credibility.  The Government filed a response urging the court to affirm the R&R.

The court, having considered the relevant memorandums of law, the R&R, and the applicable law, **OVERRULES** Defendant's Objection (Dkt. 143) and **AFFIRMS** the R&R (Dkt. 140).  Accordingly, Defendant's *pro se* Motion to Correct Terms of Supervised Release (Dkt. 116) is **DENIED AS MOOT**, Defendant's *Pro Se* Motion to Modify Conditions of Supervised Release (Dkt. 118) is **DENIED AS MOOT**, and

Defendant's (Amended) Motion to Correct and/or Modify the Terms of Supervised Release (Dkt. 123) is **GRANTED IN PART** and **DENIED IN PART** consistent with the R&R.  The court **SHALL ENTER** amended Conditions of Supervised Release in accordance with this Order.  Lastly, Defendant's Motion for Leave to File *Pro Se* Objections (Dkt. 141) is **STRICKEN**.  *United States v. Rollins*, 309 F. App'x 37, 38 (7th Cir. 2009) ("[Defendant] has no right to file a pro se brief *or* motion in any court while counsel represents him."); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998) (striking *pro se* brief where party was represented by counsel).

**IT IS SO ORDERED** this 22nd day of April 2026.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4